******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BETH KELLER *v.* RICHARD KELLER
(SC 19537)

Palmer, Zarella, Eveleigh, McDonald, Espinosa, Robinson and Vertefeuille, Js.*

Argued September 22—officially released October 25, 2016

*Brendon P. Levesque*, with whom was *Karen L. Dowd*, for the appellant (plaintiff).

*Steven R. Dembo*, with whom were *Caitlin E. Kozloski* and, on the brief, *P. Jo Anne Burgh*, for the appellee (defendant).

*Opinion*

PER CURIAM. In the course of this protracted marital dissolution action between the plaintiff, Beth Keller, and the defendant, Richard Keller, the trial court entered an order of contempt against the plaintiff on the ground that she had failed to provide the defendant with her new address after she moved to another residence with the parties' three minor children, in violation of the automatic orders under Practice Book § 25-5 (a) (2)[1] and a court order containing the parties' parenting agreement. The plaintiff appealed from the contempt order to the Appellate Court, claiming that neither authority literally applied to the facts of the present case. *Keller* v. *Keller*, 158 Conn. App. 538, 547, 119 A.3d 1213 (2015). Specifically, the plaintiff contended that: (1) § 25-5 (a) (2) was inapplicable because its notice requirement is limited to a move from the marital home, not subsequent changes of residence; and (2) the defendant's actual knowledge of the location of her current residence satisfied the notice requirements of the court order. Id., 546–47. Following the Appellate Court's judgment affirming the contempt order; id., 548; the plaintiff appealed to this court upon our grant of certification. *Keller* v. *Keller*, 319 Conn. 906, 122 A.3d 638 (2015).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

* This case originally was scheduled to be argued before a panel of this court consisting of Justices Palmer, Zarella, Eveleigh, McDonald, Espinosa, Robinson and Vertefeuille. Although Justices Espinosa and Robinson were not present at oral argument, they have read the briefs and appendices, and have listened to a recording of oral argument prior to participating in this decision.

[1] Practice Book § 25-5 (a) provides in relevant part: "In all cases involving a child or children, whether or not the parties are married or in a civil union . . . (2) A party vacating the family residence shall notify the other party or the other party's attorney, in writing, within forty-eight hours of such move, of an address where the relocated party can receive communication. This provision shall not apply if and to the extent there is a prior, contradictory order of a judicial authority. . . ."